FILED

17 MAR 21 AM 10:42

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: /s/ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 16cr2414-BEN |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION TO DISMISS INDICTMENT** |
| JUAN PEREZ-GARCIA, | |
| Defendant. | |

Now before the Court is Defendant's Motion to Dismiss the Indictment. Upon review, this Court finds a valid underlying removal order. Therefore, the motion to dismiss the indictment is denied.

## I. BACKGROUND

Perez-Garcia is charged with the crime of Attempted Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and (b).

Perez-Garcia is a citizen of Mexico. He has never had lawful permanent resident status ("LPR"). He is alleged to have first entered the United States without inspection sometime in 1994. On September 26, 2016, he was allegedly arrested in the United States in Escondido, California following his release from a San Diego County jail and is now charged with being found in the United States after having been previously removed.

Defendant says that on February 22, 2002 the immigration service issued a Notice of Intent to Issue a Final Administrative Removal Order. The Notice of

Intent stated that Mr. Perez had been convicted of a violation of Cal. Penal Code § 273.5 (Willful Infliction of Corporal Injury). It charged him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), conviction for an aggravated felony (*i.e.*, that his § 273.5 conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(F)). "Because it is not, and he was not deportable as charged," argues Defendant, "the indictment in this case must be dismissed."

In response, the Government describes Defendant's criminal history and history of removals:

~ On February 15, 2000, and May 3, 2000, Defendant was convicted of two misdemeanor Inflict Corporal Injury on Spouse/Cohabitant, Cal. Penal Code § 273.5(a) offenses.

~ On May 10, 2000, Defendant was convicted of Possession of Cocaine, in violation of Cal. Health & Safety Code § 11350(A) and sentenced to 365 days' jail and 36 months' probation.

~ On March 8, 2001, Defendant's probation was revoked and he was sentenced to 2 years' prison.

~ On March 8, 2001, Defendant was convicted of felony Inflict Corporal Injury on Spouse/Cohabitant Resulting in Traumatic Condition, Cal. Penal Code § 273.5(a) and sentenced to 2 years' prison.

~ Following his prison sentence, Defendant was physically removed to Mexico via the Calexico Port of Entry on March 22, 2002.

~ On September 3, 2002, Defendant was convicted of Second Degree Burglary, Cal. Penal Code § 459, and sentenced to 16 months' prison.

~ After his sentence, Defendant was placed in reinstatement removal proceedings and physically removed from the United States via the San Ysidro Port of Entry on May 30, 2003.

~ On June 9, 2004, Defendant was arrested and charged with attempted murder, Cal. Penal Code § 187(a). On December 2, 2004, Defendant pled no contest and was sentenced to 5 years' prison and an additional 3 years' prison for the domestic violence great bodily injury enhancement under Cal. Penal Code § 12022.7(E).

~ On May 23, 2011, Defendant was physically removed from the United States through the San Ysidro Port of Entry.

~ Immigration officials apprehended Defendant illegally in the United States on March 8, 2016, but prosecution was declined. His removal was reinstated, and Defendant was physically removed from the United States for the fourth time on the same day.

~ On September 26, 2016, Defendant was arrested by the Escondido

Police Department in Escondido, California for violating Cal. Penal Code § 647(F), Disorderly Conduct: Alcohol. Defendant was booked in county jail. Defendant was arrested and charged via complaint with being a removed alien found in the United States, 8 U.S.C. §§ 1326(a) and (b).

## II. CHALLENGING THE UNDERLYING REMOVAL ORDER

Perez-Garcia has moved to dismiss the indictment. Although he does not state the basis for his motion to dismiss, it is assumed that his collateral attack is based upon 8 U.S.C. § 1326(d). He argues that his removal order in 2002 was fundamentally unfair. The 2002 order was an expedited removal order under 8 U.S.C. § 1228(b).[1] *United States v. Hernandez-Vermudez*, 356 F.3d 1011, 1013-1015 (9th Cir. 2004) (holding expedited administrative removal set out in §1228(b) applies to aliens who were not lawfully admitted for permanent residence or paroled and who entered the United States without inspection).

### A. Collateral Attack Under § 1326(d)

An individual charged with illegal reentry under 8 U.S.C. § 1326 has a right to challenge the removal that underlies the criminal reentry charge. The criminal charge may be dismissed if the three prongs of §1326(d) are satisfied.

> Section 1326(d) . . . . authorizes collateral attack on three conditions: (1) that the defendant exhausted available administrative remedies; (2) that the removal proceedings deprived the alien of the opportunity for judicial review; and (3) that the removal order was fundamentally unfair. Removal is fundamentally unfair, in turn, if (1) a defendant's due process rights were violated by defects in his underlying removal proceeding, and (2) he suffered prejudice as a result of the defects.

*United States v. Garcia-Santana*, 774 F.3d 528, 532-33 (9th Cir. 2014) (internal

---

[1] "Under 8 U.S.C. § 1228, the government may place an undocumented alien convicted of an aggravated felony either into removal proceedings before an Immigration Judge or into administrative removal proceedings before an ICE agent." *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 759 (9th Cir. 2015); *see also United States v. Hernandez–Vermudez*, 356 F.3d 1101 (9th Cir. 2004) (holding expedited administrative removal set out in § 1228(b) applies to aliens who were not lawfully admitted for permanent residence or paroled and who entered the United States without inspection).

quotation marks and citations omitted). "To satisfy the third prong — that the order was fundamentally unfair — *the defendant bears the burden* of establishing both that the deportation proceeding violated his due process rights and that the violation caused prejudice." *United States v. Raya-Vaca*, 771 F.3d 1195, 1201-02 (9th Cir. 2014) (citation omitted) (emphasis added). In the case at bar, the Defendant has not carried his burden. In fact, Perez-Garcia does not address the prejudice prong.

### 1. Prejudice Can Be Presumed for LPRs

*Aguilera–Rios*, 769 F.3d 626, 637 (9th Cir. 2014), concerned a lawful permanent resident alien ("LPR") deported on the basis of a conviction misclassified as an aggravated felony. The Ninth Circuit explained why, in that situation, prejudice can sometimes be presumed. The court explained that the defendant "would have had the *right* to be in the United States, as a lawful permanent resident" but for the legally erroneous removal order. *Id.* at 633 (emphasis in original); *United States v. Camancho–Lopez*, 450 F.3d 928, 930 (9th Cir. 2006) (LPR presumed to have suffered prejudice). The key to the presumed prejudice holding lies in the alien's right to otherwise remain in the United States due to their LPR status.

### 2. Prejudice Must Be Proven for Other Aliens

Perez-Garcia has never been accorded LPR status. If, as Defendant contends, his removal in 2002 was the result of a legally incorrect order, but he had no right to continue to remain in the United States, then legal prejudice cannot be presumed. Prejudice must still be proven. And proving prejudice remains the defendant's burden. *Raya–Vaca*, 771 F.3d at 1202; *United States v. Barragan–Camarillo*, 460 F. App'x 637, 639 (9th Cir. 2011) ("To the extent that Barragan–Camarillo brings an as-applied challenge to his own expedited removal order, his claim fails because, even if he could show that his due-process rights were violated, he has not shown any resulting prejudice.") (emphasis added)).

It is not immediately evident what form of prejudice Defendant would argue here. Perez-Garcia does not claim that the Government failed to advise him of the only form of discretionary relief available to him as a non-admitted, non-paroled, non-LPR: withdrawal of his application for admission. (An alien who is present in the United States who has not been admitted is deemed by statute to be an "applicant for admission." 8 U.S.C. § 1225(a)(1)). But even that would not matter. Unlike in regular removal proceedings concerning LPRs, an immigration officer has no affirmative duty to inform a non-LPR applicant that he may ask to withdraw his application for admission. *United States v. Sanchez–Aguilar*, 719 F.3d 1108, 1112 (9th Cir. 2013) (rejecting for lack of prejudice, a § 1326 collateral attack on a prior expedited removal order where there was no advice of discretionary relief); *United States v. Alarcon–Tapia*, 599 F. App'x 278, 279 (9th Cir. 2015) ("[A]liens in expedited removal proceedings do not have a due process right to be informed of their ability to withdraw their application for admission...."); *United States v. Bayardo–Garcia*, 590 F. App'x 660, 662 (9th Cir. 2014) (same).

To sum up, Defendant has the burden of establishing prejudice. Defendant's decision to not assert prejudice is fatal to his collateral attack. Even if he succeeds at demonstrating that the § 273.5 conviction was not an aggravated felony, his collateral attack must fail because he has not established legal prejudice. *C.f. United States v. Reyes–Bonilla*, 671 F.3d 1036, 1052 (9th Cir. 2012) (holding that violation of right to counsel in expedited removal hearing was not inherently prejudicial and without demonstrating a plausible claim to relief, alien was not actually prejudiced).

Perez-Garcia argues that he need not make any showing beyond his argument that § 273.5 is not an aggravated felony. He relies on *Aguilera-Rios*, 768 F.3d 626, 629 (9th Cir. 2014). The problem with his reliance is that Aguilera-Rios enjoyed LPR status at the time of the collaterally-challenged removal order. Perez-Garcia, on the other hand, has not shown that he enjoyed LPR status. As mentioned above,

an alien with LPR status has a *right* to remain in the United States. Consequently, when ordered removed based upon a legal error, a LPR is understandably prejudiced. *Aguilera-Rios* describes the distinction:

> Finally, most forms of relief from removal are matters of grace as to someone already determined to be removable. Failing to obtain such discretionary relief is quite different than the situation here, where Aguilera would have had the *right* to be in the United States, as a lawful permanent resident, but for the IJ's determination that he was removable — a determination we now know to be legally erroneous after *Moncrieffe,* as we explain below.

769 F.3d at 633 (citations omitted) (emphasis in original). Because Perez-Garcia has not established that he suffered any prejudice as a result of the 2002 removal order, he cannot succeed in claiming the order was fundamentally unfair. *Raya-Vaca*, 771 F.3d at 1206 ("To succeed in demonstrating that the 2011 expedited removal order was fundamentally unfair, Raya–Vaca must also establish that he suffered prejudice as a result of the entry of the order. To do so, Raya–Vaca must show that he had 'plausible grounds for relief' from the removal order.") (citations omitted); *United States v. Gonzalez-Flores*, 804 F.3d 920, 929 (9th Cir. 2015) ("A removal order is 'fundamentally unfair' for purposes of § 1326(d)(3) only if the alien 'suffered prejudice as a result of the defects' in the deportation proceeding, and therefore Gonzalez–Flores has not demonstrated that he satisfied this requirement. Because Gonzalez–Flores has not met all of the requirements of § 1326(d), he may not collaterally attack his deportation order.").

### B. Failure to Exhaust Remedies

Perez-Garcia has asserted no prejudice. That is a sufficient reason to deny the motion to dismiss. Moreover, Perez-Garcia did not exhaust his administrative remedies. This is also a sufficient reason to deny his motion to dismiss. Perez-Garcia neither exhausted administrative remedies nor sought judicial review of the conclusion that he was an aggravated felon. Rather, after being advised of his right to appeal, he waived his right to appeal. It follows inexorably that Congress has barred his collateral attack of the conclusion that he was removable as an

1 | aggravated felon. *See* 8 U.S.C. § 1326(d)(1).

2 The Government submits a photocopy of the Notice of Intent served on Perez-Garcia on February 26, 2002. The Notice is in English. It indicates that the Notice was "explained and/or served" in Spanish. Perez-Garcia has filed no declaration saying that he did not receive the Notice of Intent or that he did not understand its contents. The Notice of Intent advises the alien that he has a right to rebut the charge of being removable because of his conviction for an aggravated felony. The Notice of Intent advises the alien that he has the right to be represented by counsel. The Notice of Intent advises the alien that he has the right to seek judicial review of any final order. The Notice of Intent has a second page upon which is a section titled "I DO NOT WISH TO CONTEST." In this section Perez-Garcia indicates by his signature that he admits the allegations and that he "waive[s] [his] right to rebut and contest the above charges and [his] right to file a petition for review of the Final Removal Order." Two days later he was ordered removed. This fifteen year-old document from the time of the 2002 removal proceedings is sufficient evidence that Perez-Garcia intelligently decided to forego pursuing his administrative and judicial remedies at that time. *United States v. Galicia-Gonzalez*, 997 F.2d 602, 604 (9th Cir. 1993) ("Defendant has not even alleged there was anything wrong with his deportation, *i.e.,* that his rights were improperly explained or that he was coerced into waiving them. The government's prima facie showing thus stands unchallenged and this satisfies the government's burden of showing a valid deportation for purposes of section 1326."). "We stated that 'where the government introduces official records which on their face show a valid waiver of rights in connection with a deportation proceeding, the burden shifts to the defendant to come forward with evidence tending to prove the waiver was invalid.'" *United States v. Gomez*, 757 F.3d 885, 894 (9th Cir. 2014) (quoting *Galicia-Gonzalez*, 997 F.2d at 604)). The Government has met its initial burden. Perez-Garcia has not met his burden of proof to put the validity of his waiver into play.

1  Instead, he cites *United States v. Gomez*, 757 F.3d 885 (9th Cir. 2014) and *United
2  States v. Ramos*, 623 F.3d 672 (9th Cir. 2010). However, in both of those cases, the
3  alien carried his burden of proof at the district court by presenting contrary
4  evidence. Moreover, those cases involved consent to removal in a formal
5  proceeding by an immigration judge under § 1229a, as opposed to the expedited
6  removal procedure here. Finally, in both cases although the aliens' waivers were
7  found to be invalid, both lost their motions to dismiss because they failed to show
8  legal prejudice. Here, Perez-Garcia waived his right to exhaust administrative and
9  judicial remedies and has failed to show legal prejudice. His collateral attack on the
10 2002 removal order fails to satisfy § 1326(d).

**C. Fundamental Fairness of Removal Order**

If Perez-Garcia could show that he had exhausted his administrative and judicial remedies, and if he could show legal prejudice from the 2002 removal order, he would still have to show that the expedited removal order was fundamentally unfair. The problem here is that Defendant cannot do so.

The argument is that his California conviction for § 273.5 does not qualify as a crime of violence and therefore does not qualify as an aggravated felony for purposes of § 1228(b). The flaw in that argument is the many cases where the Court of Appeals has found that it does qualify as a crime of violence. *See e.g., United States v. Escalante,* No. 15-50279, 2016 WL 6892765, at *1 (9th Cir. Nov. 23, 2016) ("In the § 1326 prosecution, Arellano admitted to having been convicted in 2009 for a felony offense in violation of California Penal Code section 273.5(a). A conviction under section 273.5(a) is a categorical crime of violence."); *Carrillo v. Holder,* 781 F.3d 1155, 1159 (9th Cir. 2015), *cert. denied sub nom., Marquez Carillo v. Lynch,* 136 S. Ct. 1217 (2016) ("Thus, § 273.5 is categorically a crime of domestic violence within the meaning of § 1227(a)(2)(E)(i)."); *Banuelos-Ayon v. Holder,* 611 F.3d 1080, 1086 (9th Cir. 2010) ("We conclude that a conviction under California Penal Code § 273.5(a) is a categorical crime of violence under 18 U.S.C.

1  § 16(a)."). Perez-Garcia has not demonstrated that the 2002 Notice of Intent and
2  the following removal order were based upon a conviction that was mis-classified as
3  an aggravated felony. As this was his only basis for arguing fundamental
4  unfairness, he does not satisfy the requirements for collaterally attacking the
5  removal order.

### III. CONCLUSION

Having concluded that the 2002 expedited removal order provides an independent ground for a § 1326 charge, and having conducted a meaningful review, the Court finds that: (1) Perez-Garcia has not exhausted his administrative and judicial remedies; (2) the removal order was not fundamentally unfair; and (3) Perez-Garcia suffered no legal prejudice from the ordered removal. His § 1326(d) collateral attack fails. Defendant's Motion to Dismiss the Indictment is hereby denied.

DATED: 3/20/2017

Hon. Roger T. Benitez
United States District Judge